## MATTHIAS ARMSBY *et al. versus* PETER FARNAM *et al.*

A factor to whom a balance was due from the principal, entered into partnership with a third person, and such balance, together with a quantity of goods exceeding value such balance, consigned by the principal to the individual factor for sale, were transferred, for convenience, into the books of the firm, they acting in relation thereto merely as agents of the individual factor. The principal thereafter dealt with the firm, consigning to them goods and receiving advances and payments, and the firm rendered to him an account containing a debit of such balance, and credits for the proceeds of the goods consigned to the individual factor, and subsequently rendered other accounts, each one embracing the balance of the next preceding account; and to these accounts no objection had been made by the principal. In an action by the partners against the principal to recover the balance due to them, it was *held*, that the balance originally due to the individual factor had been blended and merged in the partnership accounts, but that if it ought to be struck out of their accounts, the credits from the sales of the goods consigned to him ought also to be struck out ; which would leave due to them more than they claimed.

*Held*, also, that the mere transfer of the balance due to the firm, into the books of a new firm, without the assent of the principal, did not vest in the new firm the right of action for such balance.

Assumpsit against the defendants, who transacted business under the firm of the Grafton Woollen Manufacturing Company. The writ was dated June 11, 1833, and contained the common money counts, and counts for goods sold and delivered, labor performed. and insimul computassent. The trial was before *Wilde* J.

The plaintiffs filed a bill of particulars, which was in the form of an account current between the parties, showing the items of debit and credit between them from March 1830 to February 1833.

The first item of debit in the bill of particulars was as follows : " March 1, 1830. To balance from Matthias Armsby's leger on interest, $2,953·32."

In relation to this item, it was proved by the plaintiffs, that previously to the day of its date, the defendants had con signed goods to Armsby for sale ; that on that day Armsby took John Witherell, the other plaintiff, into partnership with him ; that, for convenience in winding up the outstanding concerns of Armsby, the balances due to and from his customers, as well as their goods, were carried respectively to their debit and credit in the books of the new firm, but that the new firm acted merely as agents, without any interest therein ; that on March 1, 1830, the balance stated in the item in question, was due to Armsby from the defendants, but at the same time, the defendants had in his hands goods consigned to him for sale to an amount exceeding in value such balance ; and that the goods and the balance were, like all other consignments and balances, carried into the books of the new firm for the purpose before stated. The plaintiffs further proved, that subsequently to the transfer of the balance to the books of the new firm, the defendants continued to deal with the new firm, consigning to them goods, and receiving advances and payments ; that in December, 1830, the new firm rendered to the defendants their account current with them, containing a debit of the balance thus due to Armsby, and credits foɪ sales of the goods consigned to him to an amount exceeding such debit ; that the new firm had rendered to the defendants three other accounts current, embracing the balance of their ⅟ st account, each of these accounts (the last of

Armsby
*v.*
Farnam.

which was rendered in February 1833) taking up the balance of the preceding account ; and that no objection had ever been made to these accounts.

Upon these facts, the plaintiffs contended, that these accounts, rendered and acquiesced in for a long period of time, concluded the defendants, and that the plaintiffs had lawfully appropriated the proceeds of the goods transferred at the time of the formation of the new firm, to the payment of the balance also transferred. On February 1, 1832, a new partnership was formed under the firm of Armsby, Witherell & Co., which consisted of Armsby, Witherell, and one Barlow ; and the defendants produced an account rendered them by this firm under the date of February 1, 1833, claiming the same balance (a small item of $55·75 excepted) which is claimed in the present action. Barlow testified, that at the formation of this firm, all balances of account with manufacturing establishments remaining open in the books of the firm of Armsby & Witherell, were transferred to the books of the new firm ; that the account of the defendants was one of the accounts so transferred ; and that these transfers were merely for convenience, and the firm of Armsby, Witherell & Co. were only agents of the preceding firm, in regard to such transaction, without any interest therein.

The defendants contended, that the debt due to Armsby could not be transferred to Armsby & Witherell, so as to give them a right of action in their names, without the express assent of the defendants ; that if mere acquiescence in that transfer was sufficient to transfer the right of action, such right subsequently vested and remained in the firm of Armsby, Witherell & Co., and that the balance brought from the books of Armsby should be struck out of the account and excluded from the consideration of the jury in this case.

But the judge ruled, that if such balance was struck out, the credit in such account for sales of goods, which was transferred at the same time with the balance to the firm of Armsby & Witherell, should be struck out also, which would leave due to them more than they claimed.

A default was entered, subject to the opinion of the whole Court.

*Gardiner*, for the defendants, cited 2 Stark. on Evid. 124 ; *Moor* v. *Hill*, Peake's Evid. (3d edition.) 257.

*Fletcher*, on the other side, was stopped by the Court.

SHAW C. J. delivered the opinion of the Court. The only question in this case is, whether the action was rightly commenced in the name of the two plaintiffs. It seems to us exceedingly clear, that the balance of the account due to Armsby alone, at the formation of the new firm in 1830, was well transferred to that new firm, by the mutual consent of the parties, and that that balance was absorbed and effectually paid by the subsequent proceedings. The presenting of the account by the new firm of Armsby & Witherell, in which they debited the defendants with the balance due to Armsby, must be regarded as a proposal on their part, to transfer their mutual dealings to the new firm ; and the renewal and continuance of those dealings afterwards by the defendants with the new firm, was an acceptance of that proposition and a mutual consent of the parties to such transfer. The subsequent credit given by the new firm to the defendants for the proceeds of goods, previously consigned to Armsby alone, and the acceptance of such credits by the defendants without objection, is evidence of their assent to the like transfer of the consignment of their goods to the new firm for sale, by the defendants. Even if the transaction could be deemed the assignment of a chose in action by Armsby to the new firm, we think the subsequent account being full notice of such assignment, the subsequent dealings must be deemed an assent to such assignment and must raise an implied promise to pay it, which would be sufficient to enable the plaintiffs to maintain an action for it. But we think it stands on still stronger ground, and that is, that the rendering accounts on one side, and the acceptance of them on the other, without objection, and new consignments made and advances taken, is evidence of the strongest character, of the mutual agreement of the parties thus to transfer the balance and open a new course of dealing ; and to effect this result, it is wholly immaterial on which side the balance of such accounts appeared, as they purported to be accounts current, and to state debt and credit between the parties. Such being the case, the present right

of action results from the new balance struck upon an account directly between the parties, and the old balance must be deemed merged and paid.

But we are also satisfied with the more *direct* and *simple* view which was hypothetically taken of the matter at the trial, admitting the defendants' claim. When the balance due from the defendants to Armsby was charged in the books of the firm of Armsby & Witherell, the presumption is violent, that the goods of the defendants were in the hands of Armsby for sale, under an actual or implied pledge for the payment of such balance ; in other words, that Armsby's debt consisted of advances on the goods. These goods were transferred to the new firm at the same time as consignees, as is proved by the proceeds being credited to the defendants' account, and the accounts in which such credits to them were contained, were received and accepted by them without objection. It seems therefore very clear, that if the defendants were right in their objection to the admission of this balance of debit from Armsby's books, and that it ought to have been stricken out, it would follow, as a necessary consequence, that the proceeds of goods consigned to Armsby alone, which were more than sufficient to cover that balance, must have been stricken out too.

In regard to the other objection, that in consequence of the transfer of the balance to the still later firm of Armsby, Witherell & Co., Barlow ought to have been joined, if we understand the facts, there was no new dealing between the parties after Barlow became a member of the firm. A mere transfer of a balance on the books, is not alone sufficient to vest or change the right of action, but assent to it, and new dealings engrafted upon it, by which the old balance becomes effectually blended in and absorbed by the new account.

The real creditors, Armsby & Witherell, might be very willing to receive the balance due to them in the name, and through the agency of their new firm, but when it became necessary to sue, it was proper to conform these entries and their account to the real rights of the parties. *Barker v. Blake*, 11 Mass. R. 17. In that case it was held, that the transfer of an account due from two as partners, to the ac-

count of one, who had undertaken to pay the debts of the concern, but who had not in fact paid them, did not prevent the creditors from recharging the two, and recovering.

The Court are of opinion, that the two plaintiffs could well maintain the action, upon the facts stated, and that the default was properly entered.

*Judgment on the default.*